LEO STEINER AND HARRY STEINER, RESPONDENTS, v. MORGAN MOTOR CAR COMPANY, INCORPORATED, A CORPORATION, APPELLANT.

Submitted October 15, 1926—Decided March 23, 1927.

Landlord and Tenant—Covenant to Pay Insurance—Amount Fixed at Time Lease was Made and Premium was Paid, Afterward Premium on Renewal was Paid—Property Then Sold, and New Landlord, Demanding More Insurance, Paid Premium and Brought This Suit to Recover—District Court Gave Him Judgment—Held, That Covenant Ran With the Land and the Reasonable Amount of Insurance is a Matter of Fact Not Reviewable Here.

On appeal from the Second District Court of Newark.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Wolber & Gilhooly.*

For the respondent, *Harry Steiner.*

PER CURIAM.

The Morgan Motor Car Company appeals from a judgment rendered against it in the Second District Court of Newark by the judge of that court sitting without a jury, for the amount of an insurance premium provided for in a lease of premises No. 1003 Broad street, Newark, between the Clinton Land and Improvement Company and the appellant, and which had been paid by the respondent.

The lease was dated April 11th, 1923, and ran for five years. It contained this clause: "And the party of the second part [appellant] further agrees that it will pay all water rates, insurance and taxes assessed upon the said property during the term." Also that the agreement should bind the successors and assigns of the respective parties thereto.

At the time the lease was made the insurance was placed at $10,000, the premium on which was paid by appellant. This was renewed and likewise the premium paid. Early in 1926 Steiners, plaintiffs below, bought the property from the Clinton Land and Improvement Company, which company (it is said by the respondent and acquiesced in by the appellant) assigned the lease to the Steiners, who, after investigation, demanded that the insurance be increased by $12,500. This being refused, the insurance was effected and the present action was instituted.

Payment was resisted on two grounds—*first*, that the provision in the lease did not enure to the plaintiff, and *second*, that the amount already on the property was reasonably adequate.

The first ground we think is not well taken. The covenant ran with the land, and enured to the benefit of the assignee of the reversion. 36 *C. J.* 169.

We also think the intention of the lease was to bind the parties in the event of its assignment either by the lessor or by the lessee, and that the provisions of the lease should enure to the benefit of the assignee.

The second point made for reversal does not present a legal question. The obligation to pay the premium for insurance contemplated such insurance as might be found reasonably necessary to protect the property from loss by fire. What that amount might be was a disputed question of fact at the trial upon which there was variant proof, and the finding of the judge is not reviewable.

The judgment is affirmed.